Putnam, J.,
delivered the opinion of the Court. The first question which presents itself in this case is, whether the plaintiffs were bound to give notice to the drawers of the non-acceptance of this bill by the drawees.
It is settled that, where the drawee has no effects of the drawer, no notice of non-acceptance is necessary; and this for the reason, that the drawer had no right to draw upon one who owed him nothing.
But in the case at bar, the defendants had effects in the hands of the drawees, when they made their bill; and they had a reasonable *106 expectation that it would be paid. We are satisfied that this is a case where the drawers were entitled to notice, notwithstanding . the effects were attached after the bill was drawn, and before it was presented for acceptance.
It seems, therefore, necessary to consider whether the notice, which was given by the drawees in this case to the defendants, was within a reasonable time; and if so, whether it can avail in this action, as if it had been given by the plaintiffs.
The plaintiffs commenced their suit before the letter was put into the post-office, containing information of the dishonor of the bill. But the letter was in season to go by the first mail. Now, all that is required of the holder, in case of the dishonor of a bill, is to use due diligence to give notice to all who may be affected, and to whom he intends to resort. No notice may be, in fact, received for months. The party to be notified may be in a foreign country. No opportunity * of writing may occur soon. And after all reasonable care and endeavors, the notice may never arrive in season to be of any advantage. The ship or the mail which carries the letter may be destroyed. But the party, who has used due diligence, is not to suffer by such events. He is not bound to wait until notice has been received, before he is per mitted by law to take measures for his security. In the case at bar, therefore, the notice seems to have been given in a reasonable time, (a)
But the point of the most difficulty remains. Shall the information communicated by the drawees avail in this action, as if it had peen given by the plaintiffs themselves ? It has been argued that the defendants have not been prejudiced at all; that their funds, although not appropriated according to their desire, have yet been applied to the payment of their debts; that the information, coming from the drawees, must have been as useful and authentic as could nave been given. It is said, also, that the drawees are a party to the bill; and that notice from a party to a bill enures for the benefit of all. In support of this point, the case of Wilson vs. Swabey was cited and relied on. That was assumpsit by the endorsee against the drawer. The bill became due on Thursday; Lewis, an endorser, was notified on Friday, and he notified the defendant on Saturday. The objection was, that there was no notice from the plaintiff; but Lord Elle7iborough held that notice from any person, who was a party to the bill, was sufficient.
But the drawee who refuses to accept is not a party, or charge *107 able in virtue of a bill; and notice from him is in no degree better than from any other stranger.
More than twenty years ago, it was decided, in the case of Tindall vs. Brown, which was cited in the argument for the plaintiffs, that notice must come from the holder; and many later decisions have corroborated the rule. In a late case, in' Campbell’s Reports, (6) this point is directly decided. The holder himself, or some one authorized, must give the notice. Now, the *endorser, who has been notified by the holder of the dishonor of the bill, may, by reason of his liability, be considered as authorized to notify the drawer for the benefit of the holder as well as himself, both having an interest in the matter. They can and ought to inform the drawer whether he must pay the bill; and that is a material fact to be communicated to him, and which no stranger is presumed to know. The bill may not be duly honored; and the holder may be willing to accept an equivalent, or may give credit to the drawee. In such case, the drawer would be discharged. There is good sense in the rule which requires the notice to come from a party liable to be charged upon the bill, on having an interest in it; and the drawer is not to be affected by information from any other quarter.

New trial ordered.

 [Shed vs. Brett, 1 Pick. 401. — New England Bank vs. Lewis, 2 Pick. 123 — Ed.]

 2 Campb. 177, Stewart vs. Kennet.