Parker C. J.,
in giving the opinion of the Court, said in substance, that the notice was not sufficient for the purposes of this action, because it was not given until after the action was commenced. There must be a right of action by a notice of the dishonor of the note, or by due diligence used, before the action is brought; and in the present case we think due diligence was not used.
This case has been compared to that of a debt payable on demand, where a service of the writ is a sufficient demand ; but there is an important difference between them. The promise of an indorser is only conditional in the first' place ; there must be an existing absolute liability, in order to support an action against him. The plaintiff alleges a demand on the maker, and a notice to the indorser that the, note has been dishonored ; and this is a material allegation as it respects the indorser.[1]
A case nearly like this, and which may not be distinguish *137 ed by every one, is, where putting a notice into the post-office is sufficient, although it cannot reach the indorser before the action is brought. And in Stanton v. Blossom, 14 Mass. R. 116, it was not considered as an objection to the action, that it was commenced before the notice was put into the post-office ; but the case did not turn on that point. Where the indorser lives in a different town from the hold er, the law considers putting a letter seasonably into the post-office as using due diligence, or as a constructive notice ; and it is for the convenience of trade that it should be so considered. Here all the parties lived in the same town and proper notice might have been given by a minute’s walk, and to commence the action before giving such notice was not using due diligence. It is important to indorsers, that they should have an opportunity to pay without being put to the expenses of a lawsuit; and though when they live in a different town from the holder, they cannot always have such opportunity, and though the officer may go with a notice in one hand and a writ in the other, yet where it can be done, notice ought to be given previously to the bringing of the action. If a writ may be sued out before notice to the indorser, I see not why it may not before a demand on the maker.[2]
Shaw. If it will make any difference, we can show that the notice was in the hands of the notary before the writ was in the hands of the officer.
Parker C. J. That question was put in our discussions, and it was thought that it would make no difference.

Judgment according to the verdict.

 See Osborn v. Moncure, 3 Wendell, 170.