## Elijah D. Green *vs.* Timothy Darling.

Although the holder of a bill is entitled to an action against the drawer or indorser, immediately after due diligence has been used to give them notice; yet no suit against them, commenced before enough has been done to render them absolutely liable, can be maintained.

This action, commenced *April* 1, 1836, was against the defendant as drawer of the same bill described in *Green* v. *Jackson, ante, p.* 136. In addition to the facts appearing in that case, the plaintiff offered evidence tending to show, that on the *eighth* day

of *April*, 1836, he gave notice to the defendant of the presentment of the bill to the acceptor, and non-payment by him. The defendant's counsel objected to the admissibility of the testimony, and also contended, that if the notice was sufficient at that time, being given seven days after the action was commenced, *this action* could not be maintained. EMERY J., presiding at the trial, overruled the objections, and directed a verdict for the plaintiff, which was to be set aside, if the rulings or direction were erroneous.

*J. Granger*, for the defendant, among other objections, contended, that notice after the commencement of the action was too late. The action must be supported or fail on the state of facts existing at the time it was commenced. *Greeley* v. *Thurston*, 4 *Greenl.* 479; *New-Eng. Bank* v. *Lewis*, 2 *Pick.* 125; 5 *Serg. & Rawle*, 318; 2 *W. Black.* 647. Presentment and notice are conditions precedent to the right to recover. 2 *Conn. R.* 654; 3 *ib.* 101.

*T. J. D. Fuller*, for the plaintiff, contended, that although there is some conflict in the authorities, the true principle is, that on due presentment to the acceptor, and refusal by him to pay, a right of action against the drawer immediately accrues, subject only to be defeated by neglect to give due notice; and that it is wholly immaterial whether the letter was put into the post-office or not, when the writ was made, provided that it went by the first mail. *Chitty on Bills*, 6th *Ed.* 107, 230, and note 298; *Stanton* v. *Blossom*, 14 *Mass. R.* 116; *Shed* v. *Brett*, 1 *Pick.* 401; 3 *East*, 481.

After advisement, the opinion of the Court was drawn up by

WESTON C. J.—We have decided in the case of *Green* v. *Jackson, ante, p.* 136, which was an action against the acceptor upon the same bill, that it was within the discretion of the Judge, to permit the amendment, which was objected to in this case. We further decided, that the bill in question is a foreign bill; and that the protest therefore was properly admissible in evidence.

It appears that the action here was brought, before any attempt was made to give notice to the defendant, the drawer. And this we regard as a fatal objection to the action. It is true, that in *Stanton & al.* v. *Blossom & al.*, 14 *Mass. R.* 116, it is intimated by *Putnam J.*, who delivered the opinion of the Court, that an action may be brought against the drawer, before any attempt to give him

notice is made, if there is afterwards due and reasonable diligence to do so, on the part of the holder. But the point decided in that case was, that notice of non-acceptance from the drawee to the drawer was insufficient.

In *Shed* v. *Brett*, 1 *Pick.* 401; *City Bank* v. *Cutter & als.*, 3 *Pick.* 414, and in *Greely & al.* v. *Thurston*, 4 *Greenl.* 479, the doctrine seems well established, that the holder is entitled to an action, against the drawer or indorser, immediately after he has used due diligence to give them notice. And the implication necessarily is, not before; for the liability of the drawer or indorser, which is conditional, depends upon due diligence on the part of the holder; and no action can be brought against either, until his liability becomes absolute. This point has been directly decided, in the case of the *New-England Bank* v. *Lewis & al.*, 2 *Pick.* 125, where it was held that no action could be maintained against an indorser, until due diligence had been used to give him notice; and the Court repudiate the correctness of the intimation in *Stanton* v. *Blossom*.

It would have been sufficient, if notice previous to the action, had been sent to the defendant from *New-York*, where the bill was protested. But upon the evidence as it stands, we are very clear that the action cannot be supported. The verdict is accordingly set aside, and a new trial granted, in which however the plaintiff must fail, unless he shows due diligence to give notice, prior to the action.