[See Case No. 6,988.]

## Case No. 6,990.

### HYSLOP et al. v. JONES.

[3 McLean, 96.] [1]

Circuit Court, D. Michigan. Oct. Term, 1842.

NEGOTIABLE INSTRUMENT—NOTICE TO INDORSER—
HOW TO BE GIVEN.

1. A personal notice of the demand and refusal of payment of a note, to charge the indorser, may be served at any place. And if it be proved that it was given at one place or another, it is sufficient.

[Cited in Terbell v. Jones, 15 Wis. 256.]

2. Where the indorser lives in the city, the notice must be served on him personally, or at his place of business or residence.

[Cited in Manchester Bank v. Fellows, 28 N. H. 310.]

3. But a notice deposited in the post office, which was in fact received by defendant in due time, is sufficient.

[Cited in Manchester Bank v. Fellows, 28 N. H. 311; Cabot Bank v. Warner, 92 Mass. (10 Allen) 524.]

4. An averment in the declaration that the note when due was presented to the bank for payment, to wit, 23d of July, 1841,—the words from, to wit, &c., were held to be surplusage.

[This was an action at law by Hyslop and Hyslop against Jones.]

Douglass & Walker, for plaintiffs.
Mr. Jay, for defendant.

OPINION OF THE COURT. This suit is brought against the defendant as an indorser of two promissory notes. Mr. Wells, the notary public states, that the first note for one thousand dollars becoming due the 3d of July, 1840, was presented to the bank on that day for payment, and was not paid; and that he gave notice to the defendant personally, at his residence or at his place of business. The second note became due the 3d of July, 1841. The declaration averred that the note was presented at the bank when due, to wit, the 23d of July, 1841. After making demand of payment at the bank, the notary states that he hunted two hours for the defendant's residence in the city, but could not find it, nor his place of business; and he left the notice in the post office. Defendant on Monday ensuing saw deponent in the street, when they had some conversation on the subject.

Objection being made to the service of no-

1 [Reported by Hon. John McLean, Circuit Justice.]

tice of the non-payment of both notes; the court instructed the jury as to the first note, that the notice was sufficient. It was served on the defendant personally in due time, either at his residence or place of business. The service being personal, it is immaterial as to the place of service.

In regard to the notice on the second note, it was not left at the defendant's place of business or his residence, but in the post office. The leaving the notice in the post office of the city in which the indorser lives, is not sufficient. It must be served on him personally, left at his place of business or residence. But if by leaving the notice in the post office, the defendant, in fact, received it in due time, it is sufficient. And of this fact the jury must determine from the evidence. The words, "to wit, the 23d of July, 1841," in the declaration, the court considered as surplusage, and inconsistent with the preceding averment, that the note was presented when due.

The jury found for the plaintiffs.