Treat *v.* Pierce.

---

WEBSTER TREAT, *Administrator of Robert Treat, versus* WALDO T. PIERCE.

The unauthorized signing and publishing of a notice of foreclosure, cannot, by a subsequent ratification by the mortgagee, be rendered operative from the time of its first publication.

When the first publication of a notice is invalid, the foreclosure is void.

By R. S., c. 90, § 7, a mortgagee may declare on his own seizen, in a writ of entry, without naming the mortgage; and in all cases, where the tenant is not the mortgagee or a person claiming under him, judgment may be entered as at common law, unless the plaintiff consents to the entry of a conditional judgment.

If it appears on default, demurrer, verdict or otherwise, that the plaintiff is entitled to possession for breach of the condition of the mortgage, the Court shall, on motion of either party, and not otherwise, award the conditional judgment.

If *neither* party desires such judgment, then the plaintiff may have judgment for possession on his own seizin, as at common law.

Possession may be restored after redemption under a bill in equity.

If judgment be given as on mortgage, no judgment for mesne profits can be rendered.

*Aliter*, if judgment be rendered as at common law.

When a mortgagee, in possession of a part only of the premises mortgaged, declares on his own seizin of the remainder, in a writ of entry against the mortgager, without naming the mortgage or claiming a judgment as on mortgage; and the defendant moves that the plaintiff be restricted to such judgment, the former cannot object that such action was an attempt to foreclose a part only of the premises mortgaged.

*It seems* that if a conditional judgment be rendered in such action, the defendant must pay the whole mortgage in order to redeem.

ON REPORT from *Nisi Prius*, APPLETON, C. J., presiding. WRIT OF ENTRY.

This action was brought to recover a store and lot in Bangor. Writ was dated March 2, 1864.

The general issue was pleaded with brief statement, that if judgment shall be rendered for the plaintiff it should be as of mortgage only.

The plaintiff put in a mortgage deed from W. T. & H. Pierce to Robert Treat, the plaintiff's intestate, dated Oct. 8, 1852, and recorded October 21, 1852, which mortgage described three-quarters undivided of four lots of land, one of which alone was demanded in this suit, all adjoining each other and forming one estate; the note thereby secured; and a record copy of a notice of foreclosure, signed "Robert Treat, by John A. Peters, Attorney;" and of the certificate of publication in the "Bangor Jeffersonian," a public newspaper, printed in Bangor, declaring that said notice was published three weeks successively in said paper, to wit, in the issues of Dec. 7, 14, and 21, 1858.

No question was raised as to the form of notice or certificate.

It was admitted that the plaintiff was administrator of the estate of said mortgagee; that administration of said estate was not closed; that the estate was possessed of personal estate, beside said mortgage, sufficient to pay all debts and expenses of administration; that the mortgage was not necessary for that purpose; and that the plaintiff was in possession of all the mortgaged premises, except the part demanded.

The defendant put in a deed from Robert Treat to said W. T. & H. Pierce, of the same premises as are included in said mortgage, and of same date, recorded Dec. 15, 1852; also a deed from H. Pierce, one of said grantees, to the defendant, of all his interest in the premises mortgaged, dated Feb. 6, 1856, and recorded Feb. 8, 1856.

*John A. Peters*, called by the tenant, testified—he was the attorney of Peters & Co., of Boston, who had an interest in the right of redemption, and expected to purchase the mortgage, and thereupon desired to have a foreclosure

commence; that he sent word, or wrote to Treat, asking authority to foreclose the mortgage, but received no reply; that thereupon he wrote the notice and had it published, charging the expenses to his clients; that, some months afterwards, Treat called at witness' office and expressed his satisfaction in what he had done in foreclosing the mortgage; that he never before had anything to do for said Treat, as his attorney; that he did not know him before that time; and that he had not then and never had the possession of the mortgage or the note secured thereby. It also appeared that Robert Treat died Oct., 1859, leaving six children, all of whom were alive and of age at the commencement of this suit.

The plaintiff claimed mesne profits of the estate.

The whole case was submitted to the full Court who were to render such judgment as the legal rights of the parties require.

*N. H. Hubbard* and *Rowe*, for the plaintiff.

*A. W. Paine*, for the defendant.

KENT, J.—The principal question presented by the parties is, whether the mortgage given to the demandant's intestate has been legally foreclosed. The case shows that a notice, sufficient in form, was published and recorded in Dec., 1858, as authorized by statute. This notice was signed "Robert Treat, by John A. Peters, Attorney." Mr. Peters was not at that time the attorney of Mr. Treat. He had sent word or had written to him asking for authority to foreclose, but had received no reply. Mr. Peters was acting for another party, who had an interest in the right of redemption. Sometime afterward, Treat called at Mr. Peters' office and expressed his satisfaction in what had been done in foreclosing the mortgage.

It is clear that, without the subsequent assent or ratification, the notice would not have been sufficient to foreclose the mortgage. Did this subsequent assent render it good

and effectual as the act of the mortgagee? It must be his act, as the statute gives this form of foreclosure to a party who, in the exercise of his own judgment, determines that he does not desire to take and hold possession of the premises pending the time of redemption. R. S., c. 90, § 5. The holder of the mortgage must determine in the first place that he will foreclose, and, in the second place, the mode, whether by entry, publication, or by suit, to obtain actual possession. No third party can, without authority, determine these questions for him, and thereupon proceed to foreclose in any form, in his name. Mere silence on his part would not be a ratification of such proceedings by a stranger, because the law would not presume an assent on his part to acts which he might or might not deem advantageous or " desirable" to have done. Story on Agency, §§ 245, 258.

But in this case, sometime after the publication of the notice and the recording of the same, the mortgagee " expressed his satisfaction in what he (Peters) had done in foreclosing the mortgage." Assuming that this was a sufficient recognition and ratification of his acts in signing the notice and the publication and recording, the question is, whether the foreclosure became perfected at the end of three years.

This mode of foreclosure is one given by statute and rests for its validity on the statute alone. In the foreclosure other parties are directly interested. By § 6, if the mortgager, or those claiming under him, do not redeem within three years *next after the first* publication, the right of redemption is forever foreclosed. The time for redemption being thus fixed, to commence from the date of the first publication, the notice must, to be effectual, be binding on all parties at and from that time. If, therefore, a subsequent ratification can be made effectual, it must relate back to, and be operative from the date of publication. There cannot be any time when the notice is not legally binding on all parties. It cannot be conditional or uncertain, de-

pending upon contingencies. Otherwise a mortgagee, who had ascertained that an unauthorized person had assumed to act for him, might lie by, until the last day of the three years, and then ratify or not, as his will or wishes might dictate. If the three years would only commence at the date of the assent, then the foreclosure would be kept open six years instead of three. There may be cases where the mortgager, or those claiming under him, would be desirous to have the mortgage foreclosed and the property thus taken in payment of the debt, for which it was security. They have a right to regard the published notice as conclusive as to time, as the statute makes it. Was this notice, when published and for sometime after, binding and effectual? It is admitted that it was not, until the subsequent assent. If no such assent had been given, it is not pretended that the foreclosure would have been perfected at the end of three years. There was a time, between the publication and the assent, when it was inoperative, unless the subsequent ratification can be held to relate back and take effect from the first publication. And this is the question on which the case depends.

The general principle is well settled that, where no rights of third parties are in question, a party may ratify the unauthorized act of another, and such ratification may relate back to the time of the act. But this is not generally so, when third parties are interested.

The precise question here is, whether the unauthorized publication of notice of foreclosure can be made good and operative *from its date*, by a subsequent assent. It is not a case of contract between parties but an attempt to enforce a legal right by a proceeding partaking of the nature of a judicial proceeding, requiring certain public acts, and a record thereof in the public registry. The rights and interests of other parties are involved. The date of the first publication is the essential thing to determine the future rights of all interested. In *Clark* v. *Peabody*, 22 Maine, 500, it was held that the ratification, by the payee of a note, of an

indorsement thereof, made by one assuming to act as his agent, without authority from him, can operate only as an indorsement made *at the time of the ratification*. The indorsement in that case was made before suit, but the ratification was after the commencement of the suit. The Court held that, " when a certain thing must be done by one having power to do it, as a pre-requisite to constitute a liability of a party who had no agency in the act, the ratification of the performance thereof, by one unauthorized, cannot create a liability where none existed before."

A subsequent assent does not relate back so as to prejudice a party whose conduct has been guided by the transaction as it actually occurred. *Fiske* v. *Holmes*, 41 Maine, 441.

The distinction is, that where an act is beneficial to the principal and does not create a right to have some other act or duty performed by a third person, but amounts simply to the assertion of a right on the part of the principal, the subsequent ratification will relate back to the time of the act. But if such act would, if authorized, create a right or duty to have some act done by a third party, the subsequent ratification or adoption of the unauthorized act by the principal, will not give validity to it so as to bind such third party to the consequences. A variety of cases illustrating this doctrine may be found in the books. If a lease may be determined by six months notice, such notice given by an unauthorized person will not be effectual, although subsequently ratified. *Baron* v. *Denman*, 2 Exchr. Reports, 167.

A notice to quit must be such that the tenant may safely act *on it at the time of receiving it*, therefore a notice by an unauthorized agent cannot be made good by the adoption of it by the principal afterwards. *Doe* v. *Goldwin*, 2 Ad. & Ellis, N. S., 143. The same doctrine is found in *Doe* v. *Walters*, 10 B. & Cr., 626 ; 21 E. C. Law, 139.

The same rule applies to a demand in trover. *Soloman* v. *Dawes*, 1 Esp. R. 83. So a demand of payment of a note,

although ratified afterwards. *Stanton* v. *Blossom*, 14 Mass., 116.

We have seen that the foreclosure must begin at the date of publication, by the express words of the statute. No other time can be substituted, and it must continue to run from that date. There was a time, several months, when it did not run. Other parties were interested and their rights and interests were affected by the act. Therefore the subsequent ratification could not reach back and make effectual what was not so when the act was done. The mortgage has not been legally foreclosed.

The defendant contends that, if the mortgage is not foreclosed, this action cannot be sustained, because the mortgage is of three-fourths of four adjacent lots of land, one only of which is demanded in this writ, all said lots adjoining each other and forming one estate. The defendant is in possession only of the lot declared for. The argument is, that an action cannot be sustained for a portion only of the premises covered by the mortgage. Assuming this to be a correct doctrine, as a general principle, although this is doubted or denied by eminent judges, the answer is, that the demandant does not declare as on mortgage, but counts generally on his own seizin. He does not admit that the mortgage is open, but maintains that it has been foreclosed, and brings his action accordingly. We hold that in this he is mistaken. But he is not obliged to ask for a conditional judgment.

A mortgagee, as well before as after condition broken, may have judgment for possession at common law, when he does not refer to or declare on his mortgage, and when the object of the suit is not foreclosure. *Green* v. *Kemp*, 13 Mass., 515. And this against the mortgager himself, unless by plea or motion he sets forth the fact, and prays for the conditional judgment. *Partridge* v. *Gordon*, 15 Mass., 486. *Randall* v. *Norton*, 19 Maine, 274; *Porter* v. *Reed*, 19 Maine, 363.

This is expressly provided in R. S., c. 90, § 7. The right

is given, in that section, to the mortgagee, to declare on his own seizin, without naming the mortgage, and, in all cases, where the tenant is not the mortgager, or a person claiming under him, judgment may be entered as at common law, unless the plaintiff consents to the entry of a conditional judgment. If it appears on default, demurrer, verdict or otherwise, that the plaintiff is entitled to possession for breach of the condition of the mortgage, the Court shall, *on motion of either* party, award the conditional judgment. But this is to be done only on motion. If *neither* party desires such conditional judgment, then the demandant may rely upon his general count, as it stands, and have judgment for possession on his own seizin, at common law. Such possession does not affect the right of redemption. It merely gives possession, which may be restored after redemption, under a bill in equity or otherwise. It may be conclusive as to the legal title at the time of suit, as between the mortgager and mortgagee, but the equitable rights are not thereby concluded. A court of equity will protect them, although the legal title and possession may be in the mortgagee. The statute clearly recognizes this, in its provisions.

The demandant in this case has not asked for any judgment as on mortgage. If he had, and the defendant had objected thereto, on the ground above stated, viz., that it was an attempt to foreclose a part only, the question now raised would have been before us. But the case finds that the *defendant* asks, as he has a right to do, that the demandant should be restricted to a conditional judgment. He can hardly object if his motion is granted. If he withdraws it, and the demandant does not renew it, then, as neither party would have moved for a conditional judgment, the first provision of the section before referred to would stand in force, and, on that, the demandant may have judgment for possession at common law.

It will be for both parties to consider whether such a judgment would effectuate the purposes they have in view. That it would not operate to foreclose the mortgage is quite

clear. And, if the defendant insists upon the conditional judgment, he must, of course, pay the whole mortgage debt and hold the other portions to compel them to contribute. The respective parties must determine for themselves, in view of the points decided, as to further action.

In the case stated, the demandant submits a claim for mesne profits, if such judgment is rendered as entitles him to them. This question has not been argued by counsel. It seems to us, that if judgment is given as on mortgage, no judgment for mesne profits can be rendered. But, if at common law, for possession, mesne profits may be recovered, it being then only the common writ of ejectment. The demandant, of course, must account for all such profits received, if the mortgage is redeemed.

As the case now stands, the entry must be, —

Judgment for demandant, and, on motion of defendant, the conditional judgment as on mortgage.

APPLETON, C. J., CUTTING, DAVIS and WALTON, JJ., concurred.