PRESIDENT, DIRECTORS AND COMPANY OF THE CABOT BANK *vs.* DAVID WARNER & another.

A notice of the dishonor of a note sent through the post-office and duly received by the indorser is sufficient to fix his liability; but such notice, if made out by a notary public and signed by mistake with the name of the maker of the note instead of with his own name, without the authority of the maker, is insufficient.

CONTRACT against two indorsers of a promissory note signed by R. C. Searle as maker.

At the trial in the superior court, before *Rockwell,* J., it appeared that on the day of the dishonor of the note a notary public undertook to notify the defendants thereof. The defendant Warner lived in Springfield, where the note was payable; and the other defendant, Ladd, lived in West Springfield. The notice to Warner was correct in form, and was sent through the post-office, and reached him in due season. The notice to Ladd was signed by mistake with the name of "R. C. Searle, Notary Public and Attorney at Law." Searle was never a notary, and

Ladd knew that the signature was not in his handwriting. The plaintiffs, however, offered to prove that Ladd was not misled thereby; but the evidence was rejected.

The judge ruled that neither notice was sufficient, and directed the jury to return a verdict for the defendants, which was accordingly done. The plaintiffs alleged exceptions.

*J. Wells & A. L. Soule,* for the plaintiffs. The notice to Ladd was sufficient in form, notwithstanding the error in the signature. See *Kilgore* v. *Bulkley,* 14 Conn. 362; *Smith* v. *Whiting,* 12 Mass. 6; *Carter* v. *Bradley,* 19 Maine, 62; *Cayuga County Bank* v. *Walden,* 1 Comst. 413; *Ontario Bank* v. *Petrie,* 3 Wend. 456; *Mills* v. *Bank of United States,* 11 Wheat. 431; *Cowperthwaite* v. *Sheffield,* 1 Sandf. R. 416; *Sussex Bank* v. *Baldwin,* 2 Harrison, (N. J.) 487. This notice was properly sent through the post-office. *Bank of Columbia* v. *Lawrence,* 1 Pet. 578. The receipt of the notices is sufficient, no matter how they were sent. *Bank of United States* v. *Corcoran,* 2 Pet. 121. *Dickins* v. *Beal,* 10 Pet. 572. *Bradley* v. *Davis,* 26 Maine, 45. *Manchester Bank* v. *Fellows,* 8 Fost. (N. H.) 302.

*H. Morris,* for the defendants. The notice to Warner was not properly sent. *Pierce* v. *Pendar,* 5 Met. 352. *Cabot Bank* v. *Russell,* 4 Gray, 170, and cases cited. The fact of its reception by Warner is immaterial. His liability depends on due diligence upon the part of the holder; not on his knowledge. *Wamesit Bank* v. *Buttrick,* 11 Gray, 387. *Shed* v. *Brett,* 1 Pick. 401, 407. *Stanton* v. *Blossom,* 14 Mass. 116. The notice to Ladd was fatally defective. A notice to an indorser must proceed from the holder or his agent, or some party to the note. *Harris* v. *Robinson,* 4 How. 346. *Chanoine* v. *Fowler,* 3 Wend. 173. *Stewart* v. *Kennett,* 2 Camp. 177. And evidence that Ladd was not misled was incompetent.

DEWEY, J. The only objection taken to the notice to Warner of the non-payment of the note of Searle, indorsed by him, is that the notice was deposited in the post-office in Springfield, the indorser, Warner, being an inhabitant of Springfield, and the same being his place of business.

There is no doubt that in such a case the ordinary mode of

giving notice is either personally or at his domicil or place of business. Such is the only mode, if the party giving the notice would make it certainly effectual to charge the indorser. In the case of a notice through the post-office to an indorser living in another town, the actual deposit of the letter in the post-office is sufficient notice to charge the indorser, and it is immaterial to the holder of the note whether the notice is actually received. But if the notice thus deposited in the post-office, directed to one dwelling in the same town, be in fact received by him personally in due season, it is equally obligatory upon him, whether it came to his hands through the post-office, or any other agency. It is said in Parsons on Notes, 483, "If the party addressed duly receives the notice, or if the jury can properly presume from the facts of the case that it was received, the mere manner in which it was sent is wholly immaterial."

If the notice, although left at an improper place, be in fact received seasonably by the indorser, it seems to be quite sufficient, as has been frequently held. *Bank of United States* v. *Corcoran*, 2 Pet. 121. *Bradley* v. *Davis*, 26 Maine, 45. *Hyslop* v. *Jones*, 3 McLean, 96. *Manchester Bank* v. *Fellows*, 8 Fost. (N. H.) 302.

The distinction between the different modes of giving notice is this: that where the holder and indorser reside in different places, the former, if he deposits the notice in the post-office in due season, has no further burden on him as to the actual receipt of it by the latter; but where both parties live in the same town, the sender of the notice is bound to show that it was actually received by the indorser in due season. This latter fact is affirmatively shown as to the defendant Warner. This is quite sufficient to show that due notice was given to Warner, no objection existing as to the form of the notice sent to him.

As to the other defendant, Ladd, a different question arises It is whether any notice sufficient in form was ever directed to Ladd. It does not call in question the sufficiency of the statement set forth in the paper preceding the professed signature by R. C. Searle, but the objection is that the paper purports to come from nobody having authority to act in the matter. Pro-

Cabot Bank *v.* Warner & another.

fessedly it is from " R. C. Searle, Notary Public." But there was no such notary public. Neither was the signature in the handwriting of R. C. Searle, or any one by his authority. The failure to forward a proper notice was a mere mistake, but that may be not less fatal to its validity.

The notice to an indorser, to be effectual, must come from some proper party. This notice came apparently from the maker of the note, but really not from him, and was sent without his agency or authorized signature.

There has been some discrepancy in the rules stated upon the question as to who may give a notice to the indorser. But the better rule seems to be that notice may be by a holder of the note or bill, or his agent, or any person who is a party to it, and who would, on the same being returned to him, and after paying it, have a right of action upon it for reimbursement. *Chanoine* v. *Fowler*, 3 Wend. 173. *Stanton* v. *Blossom*, 14 Mass. 116. Story on Notes, § 303. 1 Parsons on Notes, 506.

It is perhaps unnecessary to decide whether a notice from the maker Searle would have been a good notice, as the signature was not his, nor given by his authority. It was in fact not signed by him, or by the name of any notary public.

The court properly rejected the evidence offered for the purpose of showing that Ladd understood from the notice that the note of Searle had not been duly paid. It is not enough that the indorser knew that the note had not been paid. The notice, to be effectual, must come from the legal source. *Stewart* v. *Kennett*, 2 Camp. 177.

The result is, therefore, that as to Ladd the notice was fatally defective, and the verdict in his favor was properly ordered, and as to him the exceptions are overruled ; and as to Warner the exceptions of the plaintiff are sustained.